IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN #518622 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv036 |
| WARDEN UNKNOWN COOPER, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Lowell Quincy Green, a prisoner of the Texas Department of Criminal Justice proceeding *pro se*, filed this civil lawsuit without paying the filing fee or moving to proceed *in forma pauperis* (IFP). The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has already accumulated at least three strikes for the purposes of this statute. *See Green v. Texas Government*, 704 F.App'x 386 (5th Cir., November 27, 2017) (assessing two strikes for the frivolous lawsuit and frivolous appeal); *Green v. Stephens*, No. 4:15-cv-3257 (S.D. Tex. Nov. 6, 2015); *Green v. Heaton*, No. 7:16-cv-0014-O (N.D. Tex. Feb. 24, 2016); *Green v. Davis*, No. 6:16-cv-0419-RP (W.D. Tex. Feb. 13, 2017), *appeal dismissed*, No. 17-50690 (5th Cir. Apr. 18, 2018); *Green v. State of Texas*, No. 6:17-cv-092 (W.D. Tex. May 18, 2017), *appeal dismissed*, No.

17-50648 (5th Cir. Oct. 19, 2017); *Green v. United States*, No. 4:18-cv-1927 (S.D. Tex. Sept. 18, 2018); *Green v. Dep't of Correction*, No. 3:18-CV-2118-B (BT), 2018 WL 11192906, at *1 (N.D. Tex. Dec. 26, 2018), *report and recommendation adopted*, No. 3:18-CV-2118-B (BT), 2019 WL 10301723 (N.D. Tex. Jan. 18, 2019). Several of Green's prior cases, like the present one, involve the validity of Green's conviction; Green has been advised several times that he cannot maintain a civil rights lawsuit concerning his conviction or sentence until the challenged conviction or sentence has been overturned, expunged, or otherwise set aside. *Green v. Texas Government*, 704 F.App'x at *387; *Green v. Cooper*, No. 6:16cv1260 (E.D. Tex., August 14, 2018); *Green v. Davis*, No. 6:16cv1261 (E.D. Tex., August 27, 2019).

To meet the imminent danger requirement of Section 1915(g), the threat of serious physical injury must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019),

*report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Plaintiff's complaint does not satisfy that standard. His allegations of false imprisonment and an illegal life sentence do not support a finding of any danger of physical injury. The Court should therefore bar Plaintiff from proceeding *in forma pauperis* in this case and dismiss it for nonpayment of the filing fee.

## RECOMMENDATION

The Court should accordingly deny Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) and summarily dismiss this action with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $402.00 filing fee. Should Plaintiff pay the full fee within 15 days after the date of entry of dismissal of the present case, he should be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 23rd day of January, 2023.**

*[signature]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE